Good morning. May it please the Court, I'm attorney Benjamin Morales Del Valle on behalf of Appalachians in this case. Your Honors, in this case, it's quite a simple case in terms of the facts. My clients came to Puerto Rico on vacation between September 26th and the 30th, and on the 29th they went to a Yucca forest to walk on the trails and to go to the falls. While being there, my client fell in one of the trails, and the claim in the complaint is that the U.S. Forest Service failed to have adequate railings for my client to hang on at the moment of the fall, that there was no notice that there was mildew in the trails, and that there was no maintenance provided within the trails. The government filed a motion to dismiss using the basis of the discretionary function exception, and during the appeal, the government has stated two issues that we would like to address at this moment. The first one is that Appalachians waived their right to argue that there was no policy from the U.S. Forest Service that should apply in this case. Now, the position of Appalachians as to that particular argument from the government is that this was produced by the government during the process of the argumentations of the motion to dismiss. The judge, in the opinion and order, addresses this issue. In the fourth page of the judgment, there is a footnote, footnote number three, in which the judge that handled the case states, in its motion, the government makes no effort to show that the relevant conduct in this case was discretionary. Instead, it cited only to Parts 1 and 11 of Title 36 of the Code of Federal Relations. These parts are made up of some 15 disparate sections, but the government makes no effort to let the Court know to what specifically it is referring. Worse, as plaintiffs point out, the parts that apply only to the National Parts Service, which is not involved in this case. And even if the government did not bear the burden of proving discretion, seat note two, it certainly bore the burden of producing to plaintiffs all relevant policy documents. But at the time it filed its motion to dismiss, the government had not produced, and it had much less cited, any of the manuals or policies that govern the maintenance and construction of trails in national forests. After the Court specifically ordered the government to produce those documents, the government still did not point to anything specific in more than 150 pages that it produced. So the position of appellants as to the issue that we waive our right to present this new argument in appeal was produced by the government, because as the magistrate judge indicates in the opinion and order, the judge had to make an independent evaluation of the facts of the case in order to make a determination. So appellants did not have the opportunity to respond to what the judge is analyzing in the opinion and order. So in this appeal, the position of appellants is that this is an extraordinary situation in which we have to analyze the opinion and order of the judge, in which the judge states and analyzes the case with different facts and arguments than those that were provided by the government in the motion to dismiss. So when analyzing the opinion and order, we had to make a new argument in appeal, and that's why we understand this is an extraordinary situation. The second issue that we would like to address, and we would like to be very straightforward with the judges in this argument, is that we have seen the appellate's brief as to the appellants and plaintiffs in this case had the burden to prove to the court that no policy should apply in the discretionary function exemption that the government raises. Now in the appellate's brief, they cite the case of Mayhem, which is a case of 2014, in which this court establishes that the appellant or the plaintiff has the burden to prove that the policy doesn't apply. Now, as to this particular issue, the position of appellants is that that opinion not necessarily should apply to this case, and I would like to indicate the court why is that. In our brief, we cite two articles attending this issue. The first article is by the court and the second article is by the author, Donald Sillman. The title of the article is Protecting Discretion, the Judicial Interpretation of the Discretionary Function Exemption to the Federal Tort Claims Act. The author states, the court should be very careful in the application of the second prong of the test, which is the policy prong. Excuse me, counsel. Yes. It seems to me that the district court, looking at other cases of this kind, cases in which injuries have occurred in national parks, national forests, under similar circumstances, has said, you look at those cases and it's clear that the kind of judgment that the National Park Service or the Forest Service has to make as to whether railings are required, warnings are required, involves judgments grounded in aesthetic considerations, budgetary considerations. And so just looking at all those precedents, the court takes the view that inescapably that this was a discretionary call, whether warnings are needed, hand railings are needed, grounded in policy considerations, budgetary aesthetic. And so you have all these precedents that stand for that proposition. And I think that's why the court took the view that it would have been really a waste of your client's time and money, frankly, to try to argue the contrary. Now, what's wrong with that analysis? The analysis is that the Supreme Court in the Galbar case, which is the one that takes into consideration the policy issue, in that particular case, the Supreme Court states that there are discretionary acts that are within the scope of a government agent's employment, but not within the discretionary function exemption, because these acts cannot be said to be based on the purposes that regulatory regime seeks to accomplish. Now, I understand perfectly that the, particularly in Apple's brief, they cite several cases from the first circuit, attending issues of National Park Forests and the U.S. Forest Services. The problem that I have with that analysis is that, as these authors state, the court should be careful in the application of the second prong, because as a result of the Galbar decision, courts have given considerable deference to government assertions of policy discretion. There's another author that attends this issue, which is William Kratzke, in the title, The Supreme Court's Recent Overhaul of the Discretionary Function Exemption to the Federal Tort Claims. The author states, the court ought not to use one phrase in one subsection of the Federal Tort Claims Act to emasculate the rest of the stages. Now, the other issue that, the other problem that I have here, and it is attended by the second circuit, the second circuit states, in issues of policy discretionary action, policy just like the one we have in a National Park or a place that is administered by the U.S. Forest Service, the second circuit states, in the case of Andrew Mullis v. United States, there are limits to the actions which the discretionary function exemption was designed to shield. As the second circuit explained, the Supreme Court's rejection of any simplistic reliance on the dichotomy between planning-level actions and operation-level actions. Now, if we take this opinion of the second circuit and bring it to our case, what I find is that the documents that the government provided, they don't distinguish if there's any policy that is operation-level action or if those policies are planning-level actions. What, I mean, do you accept the proposition that you have to establish that this discretionary call, and I think it would be hard to argue that this is not a discretionary kind of conduct. We're not arguing that. Okay, so do you accept the proposition that you now have to establish that this discretionary conduct is not rooted in some kind of policy judgments? Do you accept that you have to do that? Yes, and we understand that from our brief and from the documents that were provided by the government during the motion to dismiss process. Okay, so what is your argument? My argument is that Just so I can complete the question. What is your argument that this discretionary call by the Forest Service is not rooted in the kind of policy judgments that the District Court identified, sort of balancing aesthetic considerations, budgetary considerations, things like that? My argument is that from the documents that the government provided, there's no distinction that those alleged policies that the government provides are operation-level actions or planning-level actions, as the second circuit has stated. There's a difference between operation and planning. So if the government didn't provide any documents distinguishing if those documents establish a planning-level action, our argument is that the policy that they are bringing forth doesn't support the argument that the discretionary function exception applies. Thank you. May I please the Court? I'm John Cappell from the Appellate Staff Civil Division, U.S. Department of Justice, and I'm representing the Appellee United States on this appeal. The District Court correctly held that the FDCA's discretionary function exception bars plaintiffs' claim for the fall in the El Yunque Rainforest, which is a national forest. I don't have a great deal to add to the colloquy between the Court and opposing counsel and to what we've already shown in our briefs, but the plaintiff did indeed waive this argument, the policy prong of the discretionary function argument by not raising it below, and the plaintiff failed to do that. In District Court, the plaintiff relied solely on the discretion prong, arguing that that was the Article 1802 of the Puerto Rico Civil Code, which provides a cause of action for negligence. Well, counsel, regardless of how appellant may or may not have dealt with it below, the District Court was front and center, so why shouldn't appellant be able to address it here? This is not a situation where the District Court was sandbagged in some way that an issue was not raised, and now that they're trying to raise it for the first time, the Court understood it had to deal with the issue and it dealt with it at length. So why shouldn't appellant be able to deal with it here? Actually, Your Honor, I would respectfully disagree with that characterization because the District Court didn't really have to deal with it at all under this Court's holding in Fothergill and other cases because it was the plaintiff's burden, and if the plaintiff hadn't raised it, there was no need even for the District Court to reach the end. But it did. Yes, it did, but that was not necessary to the Court's decision. But apart from that, as Your Honor pointed out, even if the issue was not waived, it's clear that the plaintiff has not met its burden of overcoming the presumption that these matters are rooted in policy judgment. And again, as we've shown in our brief, there's no requirement that the policy judgment actually have been made. It is enough that it is susceptible to policy analysis, and that is debatable and demonstrably the case here. And the cases concerning the many cases we've cited in our brief from this circuit, particularly the Shansky case and other circuits like the Sixth Circuit in Rosebush and the Eighth Circuit in Chantel, they have all recognized that these determinations in the national parks and the national forests are susceptible to policy analysis. They are rooted in a balancing of aesthetic considerations with safety considerations and environmental factors, and that is classic policy analysis. So you're obviously very familiar with this body of law. Can you give me an example of a discretionary call that is not rooted in policy judgments of some kind? It seems almost – I ask that because it seems like almost an impossible argument for appellants to make that discretionary calls at some level do not reflect some kind of policy judgment. What kind of discretionary calls do not involve policy judgments of some kind? Well, Your Honor, there are such – they are not involving the national parks and the national forests, but in some of the inapposite cases that the plaintiffs rely upon in their brief, the courts have held that the policy prong is not satisfied. For instance, the Rock Creek Park – the signs along the roadside in Rock Creek Park that the District Court – the District of Columbia Circuit found not to be covered by the policy prong in the Cope case, that would be an example. But here, where we're talking about putting handrails or warning signs in a national forest on a trail or performing further activities in maintenance on a trail, that is a classic matter that is within the policy judgment of the agency. What's the difference between these signs and the signs that were held up that come within the exceptions to the statute in the Rock Creek case? Well, the principle difference, Your Honor, is that in that case, the sign – we're talking about many signs along that roadway. We weren't talking about a trail in the park, which would – I believe the D.C. Circuit also would have recognized. Well, we don't know because we don't have that case. We don't have that case. Okay. Tell me the difference between these two cases. Yes, Your Honor. The difference is what I have just alluded to. The signs were along a roadway. They were not along a trail. And that setting – that is crucial with respect to things like aesthetic and environmental considerations. There were plenty of roads – the Court emphasized in Cope that there were many roads – there were many signs along the road and that there was – here was a question whether or not the – I guess it was the Park Service – should have had one more concerning the slipperiness issue. That is very different from the situation that the Court has before it in this case, where it's a question of whether the Forest Service should be required to essentially spoil the natural setting by putting a warning sign or a handrail along a trail. What is the allegation specifically with respect to warning signs? Is it that there was no warning sign there at that part of the trail where the rocks may be mildewy or was it broad enough to assert, for example, where there's a parking area before you get on the trail? It's not clear from the record as to exactly where the plaintiffs feel that the signs should have been placed, but they are emphasizing that this was – that they were on a trail and they were expecting – they believe that the signs should have been either somewhere along the trail or at the beginning of the trail. And, of course, the handrails that they're asking to have any purpose would have had to have been along the trail where the plaintiff fell to have had any effect. So it is clear that they are talking about changing the natural habitat in the rainforest and that the Forest Service was obligated to do that here and that simply is not the case under the discretionary function exception. If there are no further questions, I would urge the Court to affirm the judgment of the District Court. All right. Thank you.